IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANDRE EDSEL MIMS,

    Petitioner,

v.

VICTOR WALKER, Warden,

    Respondent.

CIVIL ACTION NO.: CV209-154

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Andre Mims ("Mims"), who is currently incarcerated at Dooley State Prison in Unadilla, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Wayne County Superior Court. Respondent filed a Motion to Dismiss, to which Mims responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

At a jury trial in the Superior Court of Wayne County in September 1995, Mims was convicted of five counts of sale of cocaine. (Doc. No. 11-1, p.1). Mims received a sentence of life without parole. Id. On March 10, 1997, the Georgia Court of Appeals affirmed Mims's convictions and sentences. Mims v. State, 225 Ga. App. 331, 332 (1997). Mims did not seek certiorari review of that decision. (Doc. No. 11-1, p. 1). On April 30, 1999, Mims filed a state habeas petition in the Superior Court of Richmond County, challenging his Wayne County convictions. (Id.). After conducting an evidentiary hearing, the state habeas court entered a written order denying relief. (Id. at

pp. 1-2). On September 19, 2001, the Georgia Supreme Court denied Mims's application for a certificate of probable cause to appeal. (Id. at p. 2). In July 2002, Mims filed a federal petition challenging his 1995 convictions. Mims v. Bass, No. CV202-118 (S.D. Ga. 2002). The Court dismissed the petition as untimely. Id. at Doc. No. 8. In 2008, Mims filed a second state habeas corpus petition, challenging the same convictions, in the Superior Court of Richmond County, which the court dismissed as successive; the Georgia Supreme Court denied Mims's application for a certificate of probable cause to appeal the dismissal of his successive state petition. (Doc. No. 11-1, p. 2).

Mims executed the instant petition on October 7, 2009, once again challenging the 1995 convictions. (Doc. No. 1, p. 1). Mims argues that the sentencing judge abused her authority, that he received ineffective assistance of counsel, that his indictment was illegal, and that the judge improperly instructed the jury as to the reasonable doubt standard. (Id. at pp. 6-7). Respondent asserts Mims's petition should be dismissed because it is successive and this Court lacks jurisdiction over the petition. (Doc. No. 11; 11-1).

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Mims has failed to obtain authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive petition. Respondent also alleges it is not necessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second

or successive petition because Mims's petition is time-barred under 28 U.S.C. § 2244(d).

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless–*
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphases added).

In the case *sub judice*, Mims has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case as Mims's petition is barred. See 28 U.S.C. § 2244(b). Mims's petition is barred under the gatekeeping provision of section 2244(b)(3)(A), and should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Barber's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this 4th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Mims's petition filed with this Court on July 16, 2002, was dismissed with prejudice. (CV202-118, Doc. Nos. 7, 8).